IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA BESHEARS,                    ) | |
| )| |
| PLAINTIFF,           ) | |
| ) | |
| v.                                                 ) | CASE NO. 2:04-cv-1014-F |
| )  | WO |
| GREYHOUND LINES, INC., et al.,   ) | |
| ) | |
| DEFENDANTS.                           ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Transfer Venue and Memorandum of Law in Support Thereof (Doc. # 24) filed by Defendants on April 19, 2005. The Court has considered the arguments in support of and in opposition to the motion and finds that it is due to be DENIED.

Defendants invoke 28 U.S.C. § 1404(a) as the statutory basis for their motion to transfer this case from this district to the United States District Court for the Northern District of Alabama. That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, the Court must assess whether this action might have been brought in the Northern District before it can determine whether it may be transferred there.

Although admitting that the accident giving rise to this action occurred in this district and that neither defendant resides in Alabama, Defendants make a bare, unsupported

assertion that venue exists in the Northern District of Alabama. This Court finds that the Middle District of Alabama is an appropriate venue for this action pursuant to 28 U.S.C. § 1391, the statute setting forth the bases for venue over civil actions brought into a federal court pursuant to its subject matter jurisdiction founded on the diversity statute. Specifically, the Court finds that a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Alabama. Consequently, venue is appropriate here pursuant to 28 U.S.C. § 1391(a)(2). On the other hand, in this Court's view, none of the provisions of 28 U.S.C. § 1391(a) make venue appropriate in the Northern District of Alabama. Accordingly, the Court finds that transfer of this civil action to that district is not warranted because § 1404(a)'s requirement that the action could have been initially brought in the Northern District is not satisfied. In light of this finding, the Court need not address issue of the convenience of the parties and witnesses and the interests of justice in order to decide the instant motion.

For the reasons set forth above, it is hereby ORDERED that the Motion to Transfer Venue and Memorandum of Law in Support Thereof (Doc. # 24) filed by Defendants on April 19, 2005 is DENIED.

DONE this the 26th day of May, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE