IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA BESHEARS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:04-cv-1014-F |
| ) | WO |
| GREYHOUND LINES, INC., *et al.,* ) | |
| ) | |
| DEFENDANTS. ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion for Reconsideration and Memorandum of Law (Doc. # 32) filed by Defendants on June 2, 2005. By this motion, Defendants ask this Court to reconsider its May 26, 2005 Memorandum Opinion and Order denying Defendant's Motion to Transfer Venue and Memorandum of Law in Support Thereof (Doc. # 24) filed by Defendants on April 19, 2005. The Court has considered the arguments in support of and in opposition to the Motion for Reconsideration and Memorandum of Law (Doc. # 32), including those in the Memorandum of Facts and Law in Support of Motion for Reconsideration (Doc. # 33) and finds that the motion for reconsideration is due to be DENIED.

Defendants invoke 28 U.S.C. § 1404(a) as the statutory basis for their motion to transfer this case from this district to the United States District Court for the Northern Division of Alabama. That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, the Court must assess whether this action might have been brought in the Northern District before it can determine whether it may be transferred there. Put another way, this Court cannot transfer this case to the Northern District pursuant to 28 U.S.C. § 1404(a) unless a federal statute provides that venue is appropriate in the Northern District.

The relevant federal statute for determining the proper venue in this action which is founded on diversity of citizenship alone is 28 U.S.C. § 1391(a). That statute provides that

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, *if all defendants reside in the same State*, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, *if there is no district in which the action may otherwise be brought.*

28 U.S.C. § 1391(a) (emphasis added). The Court has considered each of these subsections and finds that none of them create a basis for holding that venue is appropriate in the Northern District.

While it is true that 28 U.S.C. 1391(c) provides a basis for finding that Defendant Greyhound Lines, Inc. resides in the Northern District, it cannot be said that 28 U.S.C. § 1391(a)(1) creates a basis for finding that venue is appropriate in the Northern District. All defendants do cannot be said to reside in the State of Alabama. Defendant Williams resides only in California. Accordingly, as this Court reads 28 U.S.C. § 1391(a)(1), it provides no

basis for venue in the Norther District.

All parties concede that venue is appropriate in the Middle District of Alabama because the accident in which Plaintiff alleges she was injured occurred in this district. Accordingly, 28 U.S.C. § 1391(a)(3) cannot form a basis for finding that venue is appropriate in the Northern District. That provision is only applicable when "there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3).

Defendants argue that 28 U.S.C. § 1391(a)(2) creates a basis for finding that the Northern District is an appropriate venue. This Court does not agree. This personal injury lawsuit seeks a variety damages on theories of negligence and wantonness. It is alleged that all of Plaintiffs' injuries were caused when the vehicle in which she was riding collided with an overpass in Greenville, Alabama. Defendant Greyhound Lines, Inc. owned and operated the vehicle in which Plaintiff was riding and employed Defendant Williams who was driving the vehicle. According to the record currently before this Court, Plaintiff received medical treatment for the injuries she allegedly suffered in the collision in Greenville, but that medical treatment was provided in the Northern District where she resides. Defendants argue that the Northern District is a proper venue pursuant to 28 U.S.C. § 1391(a)(2) because: (a) Plaintiff started her ride in their vehicle in the Northern District; (b) purchased her ticket for the ride in the Northern District; (c) received medical treatment and thereby incurred her medical expenses in the Northern District; (d) incurred lost income from her employment in the Northern District; and (e) experienced pain and suffering from her injuries in the

Northern District.  In essence, Defendants argue that in order to bring the claims she has included in her complaint, she must show she suffered damage and that damage was suffered in the Northern District where it became calculable by virtue of its manifestation as lost income or medical expenses incurred.  In this Court's view, a "*substantial part of the events or omissions giving rise to the claim*" did not occur in the Northern District as required by 28 U.S.C. § 1391(a)(2).  Therefore, 28 U.S.C. § 1391(a)(2) does not make venue appropriate in the Northern District.

As previously held, none of the provisions of 28 U.S.C. § 1391(a) make venue appropriate in the Northern District of Alabama.  Accordingly, the Court finds that transfer of this civil action to that district is not warranted because § 1404(a)'s requirement that the action could have been initially brought in the Northern District is not satisfied.  In light of this finding, the Court need not address issue of the convenience of the parties and witnesses and the interests of justice.  Accordingly, Motion for Reconsideration and Memorandum of Law (Doc. # 32) filed by Defendants on June 2, 2005 is DENIED.

DONE this the 6th day of June, 2005.

       /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE