IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REBECCA BESHEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.2:04cv1014-MEF |
| | ) | WO |
| GREYHOUND LINES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Upon consideration of the non-party Allstate Insurance Company's objection and motion to quash subpoena (Doc. # 72), filed on February 8, 2006, and for good cause, it is

ORDERED that the motion be and hereby is DENIED pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶ 5 of the General Order of this court entered on November 22, 1993.

The applicable provision of this court's General Order reads as follows:

> The court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith <u>conference</u> before seeking court intervention.  Discovery motions filed pursuant to these Rules <u>must</u>

be accompanied by a certification that the movant has in good faith conferred or

attempted to confer with other affected parties in an effort to resolve the dispute without

court action.

      DONE, this 10th day of February, 2006.


                    /s/ Susan Russ Walker

                    SUSAN RUSS WALKER

                    UNITED STATES MAGISTRATE JUDGE